**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARISSA ANNE MUEHLBERGER
(VARGASON), administrator of the
estate of Becky Joan Ricci Muehlberger,

    Appellant / Cross-Appellee,

v.

LELAND A. MARTINEAU;
MARTINEAU & COMPANY;
SUNRISE FINANCIAL, INC.,

    Appellees / Cross-Appellants.

Nos. 01-4095 & 01-4110
D.C. No. 2:00-CV-59-ST
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ALDISERT**,[**] and **PORFILIO**, Circuit Judges.

---

In these cross-appeals, Becky Joan Ricci Muehlberger challenges the dismissal of

her adversary proceeding in bankruptcy for lack of standing under 11 U.S.C. § 1109(b);

and Leland A. Martineau, Sunrise Financial Inc., and Martineau and Company contest the

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third
Circuit, sitting by designation.

denial of their motion for attorney fees and costs. Finding no error in either appeal, we affirm the district court's judgment.

The parties are well acquainted with the facts of this case; therefore, we need not repeat them here. It is sufficient to state that Becky Joan Ricci Muehlberger (Joan) commenced this case in an adversary proceeding in bankruptcy seeking disgorgement of funds paid to the Appellees, (Martineau, collectively) in connection with the administration of a Chapter 11 reorganization. Finding Joan lacked standing, the bankruptcy court dismissed her complaint. An appeal to the district court resulted in an affirmance of the bankruptcy court's holding. This appeal followed.

The issues Joan presents to us are whether she is required to have standing to litigate in the Chapter 11 proceeding, and, if so, whether she had standing. After thoroughly and carefully considering these issues, two separate courts held standing was a jurisdictional requisite which Joan did not have. We have considered Joan's arguments, reviewed the record, and now conclude both the bankruptcy and district courts properly resolved the issues.

We note specifically, Joan is neither a creditor of the Chapter 11 debtor nor a party in interest in the bankruptcy proceeding. Moreover, she fails to demonstrate the acts of which she complains have resulted in an injury to her. While she may have had grounds for derivative claims against the entities in which she held minority interests, she has no recognizable claim in the bankruptcy proceeding. For these reasons and for the reasons set

forth by the bankruptcy and district courts, we affirm the judgment of the district court in case number 01-4095.

The district court found that the appeal taken by Joan to the district court was not frivolous under Fed. R. Bankr. P. 8020.  Martineau has made no showing that conclusion was erroneous; therefore, we see no error in the district court's refusal to award damages under Fed. R. Bankr. P. 8020.  The judgment in 01-4110 is affirmed.

ENTERED FOR THE COURT


John C. Porfilio
Senior Circuit Judge